**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| JACOB TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00825-P-BP |
| | § | |
| SAIA MOTOR FREIGHT LINE, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Partial Motion to Dismiss (ECF No. 20) filed on October 5, 2020; Plaintiff's Response to Defendant's Partial Motion to Dismiss (ECF No. 23) filed on October 26, 2020; and Defendant's Reply (ECF No. 28) filed on November 9, 2020. This case was referred to the undersigned for pretrial management on September 28, 2020. ECF No. 17. Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendant's Partial Motion to Dismiss for failure to exhaust administrative remedies and **DISMISS without prejudice** Plaintiff's claim of a hostile work environment under Title VII and TCHRA.

**I.    BACKGROUND**

Plaintiff Jacob Trevino ("Trevino"), a former employee of Defendant SAIA Motor Freight Line, LLC., ("SAIA"), brought this suit under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act ("TCHRA"), claiming SAIA terminated his employment because of his race and national origin, and for complaining about being treated unequally. ECF No. 9 at 2-4. The following facts come from the Amended Complaint, and the Court accepts them as true for purposes of considering SAIA's Motion to Dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

Trevino worked as a load dock worker for approximately three years. *Id.* at 2. In September 2019, he complained to SAIA's Human Resource Department ("HR") as well as his Operations Manager, Jonathan Mitchem ("Mitchem"), that his supervisor treated Hispanic workers differently from non-Hispanic workers. *Id.* Trevino claims that his supervisor forced him and other Hispanic workers to complete difficult tasks without any help, while allowing non-Hispanic workers to receive help for simpler tasks. *Id.* For example, he states that SAIA denied Hispanic workers help as well as breaks between unloading trailers with the heaviest loads, while giving non-Hispanic workers help with unloading "regular" trailers and permitting them breaks throughout the day. *Id.* Additionally, Trevino's supervisor would select his assignments the day before, assigning him the heaviest trailer loads, but then give other non-Hispanic workers trailers as they came in, which is the customary way to assign trailers. *Id.* at 3. His supervisor singled him out by timing his bathroom breaks and passed him over for promotion opportunities, despite Trevino having seniority over those promoted. *Id.*

After Trevino submitted his complaint to the HR department, Mitchem informed him that he was no longer to go to HR for any of his complaints, but instead was to bring them to Mitchem directly. *Id.* at 2. Then on October 31, 2019, Trevino was terminated due to his performance and because there was not enough work. *Id.* at 3. Trevino asserts that the explanation for his termination was pretextual and that he actually was fired due to his race and national origin, and for complaining of unequal treatment. *Id.*

In response to these events, on November 15, 2019, Trevino filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"),

claiming discrimination and termination due to his race and national origin, and in retaliation for his complaints of unequal treatment. ECF No. 20-1 at 2. In his filing, he recounted the series of events described above, indicating that "Hispanics were treated unfairly" and "forced to complete difficult tasks without help," and that "he was not informed of promotion opportunities or offered promotions despite having seniority over much of the crew and being a top 5 performer and earning awards and recognition for [his] work." *Id.* Trevino sued SAIA on August 6, 2020. ECF No. 1. SAIA seeks dismissal of Trevino's hostile work environment claim because he failed to exhaust his administrative remedies and failed to state a claim upon which relief can be granted for that claim. ECF No. 20.

## II.    LEGAL STANDARD

### A.    Title VII

Individuals who file claims of discrimination under Title VII or TCHRA "must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789, (5th Cir. 1996). Administrative exhaustion "occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue," *Taylor*, 296 F.3d at 379, or when he "files a timely charge with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao*, 96 F.3d at 789. The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve any discrimination claims. *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004).

The plaintiff "must file a charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency" and "receives a statutory notice of right to sue." *Owens v.*

*Dallas Cty. Cmty. Coll. Dist.*, No. 3:16-CV-3162-L, 2017 WL 3190727, at *2 (N.D. Tex. May 16, 2017) (citing *Dao*, 96 F.3d at 789; 42 U.S.C. § 2000e-5(e)(1)). Under TCHRA, "a charge filed with the EEOC, and forwarded by the EEOC to the [Texas Workforce Commission], satisfies the filing requirements of the TCHRA." *Howe v. Yellowbook*, *USA*, 840 F. Supp. 2d 970, 978 (N.D. Tex. 2011) (citing *Price v. Philadelphia Am. Life Ins. Co.,* 934 S.W.2d 771, 773-74 (Tex. App.—Houston [14th Dist.] 1996, no writ)).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion

4

to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548-49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

### III. ANALYSIS

#### A. Trevino did not exhaust his administrative remedies for his hostile work environment claim under Title VII and TCHRA.

SAIA alleges that Trevino did not properly assert a hostile work environment claim in his EEOC charge, and thus his claim should be dismissed for failure to exhaust administrative remedies. ECF No. 20 at 4. Trevino contends that he did exhaust his administrative remedies as his claim for a

hostile work environment could "reasonably be expected to grow out of the charge" due to his claims of being treated unfairly, being denied promotions, and being forced to perform difficult tasks. ECF No. 23 at 3-4 (citations omitted).

Before bringing a hostile work environment claim, a plaintiff must file a charge of discrimination with the EEOC. *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). Following its investigation, the EEOC may issue a Right to Sue Letter. Upon receiving a Right to Sue Letter, a plaintiff may bring a Title VII suit extending "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993) (citation and internal quotations omitted). The scope of an EEOC charge is both the charge itself and the investigation which can "reasonably be expected to grow out of the charge of discrimination." *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006). Since the "provisions of Title VII were not designed for the sophisticated, and most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally." *Id.* 3d at 788 (citations and internal quotations omitted).

However, while an EEOC charge should be construed liberally, the Fifth Circuit has held that it should not be construed so liberally that a plaintiff's charge fails to state the basic facts to state a discrimination claim. *Fine*, 995 F.2d at 578. The test is whether the new allegations could reasonably be expected to grow out of the initial charges of discrimination and put the employer on notice. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003). If the plaintiff's charge did not include enough facts to put his employer on notice that he would be pursuing the claim, then he did not exhaust administrative remedies as to that charge. *Goswami v. Unocal*, No. H-12-2953, 2013 WL 5520107, at *7 (S.D. Tex. Oct. 3, 2013).

Therefore, for Trevino to have exhausted his administrative remedies for a hostile work

environment claim, he must have either specifically stated that he was discriminated against through a hostile work environment by checking the box in the charge, or the claim must have been reasonably expected to grow out of his initial charge to put SAIA on notice.

In the Charge of Discrimination, Trevino checked the box for discrimination based on his race, retaliation, and national origin. ECF No. 20-1 at 2. Since he did not check the "other" box for cause of discrimination and indicate that he was discriminated against through a hostile work environment, the Court will look to see if a hostile work environment claim could reasonably be expected to grow out of his initial charges of discrimination and put SAIA on notice that he will be pursuing a claim of hostile work environment. *Id.*

In his charge, Trevino states:

> I complained to Human Resources and the Operations Manager that my supervisor treated Hispanics differently than non-Hispanic workers. I was forced to complete difficult tasks without help when non-Hispanic workers were allowed to receive help for tasks far less difficult and Hispanics were treated unfairly. Additionally, I was not informed of promotion opportunities or offered promotions despite having seniority over much of the crew and being a top 5 performer and earning awards and recognition for my work. I was terminated on October 31, 2019 for "Performance Reduction." This firing was pretextual. I was fired because of my race and national origin and in retaliation for my complaints about unequal treatment.

*Id.* For a claim of hostile work environment to reasonably be expected to grow out of an employee's charge of discrimination, the employee must allege more than just discrete acts of discrimination. *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409 (5th Cir. 2007). Moreover, discrimination and harassment are "distinct" claims. *Sosebee v. Texas Alcoholic Beverage Comm'n*, 906 F. Supp. 2d 596, 601 (N.D. Tex. 2012). Therefore, administrative exhaustion of a discrimination claim does not automatically exhaust a harassment claim. *Sosebee*, 906 F. Supp. 2d at 601.

Here, Trevino's Charge only alleges that he "was forced to complete difficult tasks without help" while "non-Hispanic workers were allowed to receive help for tasks far less difficult and

7

Hispanics were treated unfairly," and that SAIA did not inform him of promotional opportunities or offer any promotions despite his seniority over other workers who received promotions. ECF No. 20-1 at 2. Trevino merely states facts of discrete acts of discrimination, which is not sufficient for the Court to find that a claim of a hostile work environment reasonably grew out of the Charge.

For example, in *Gates v. Lyondell Petrochemical Co.*, the court held that the plaintiff's "hostile environment ... claim [ ] could not be expected to grow out of her [administrative] discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment." 227 F. App'x at 409. Likewise, a plaintiff failed to exhaust his administrative remedies when he did not include the words "harassment" or "hostile work environment" in his EEOC charge, nor allege any acts of being bullied, teased, or belittled based on his race, or that the defendant did not follow up on his reports of harassment. *Anderson v. Sikorsky Support Servs. Inc.*, 66 F. Supp. 3d 863, 871 (S.D. Tex. 2014).

Like the plaintiffs in *Gates* and *Anderson*, Trevino did not complain of a hostile work environment in his charge. Instead, he alleged only race and national origin discrimination. Additionally, he did not assert that he was subject to pervasive harassment or a hostile work environment, but instead only referred to Hispanic workers being treated differently from non-Hispanic workers. This allegation and factual description are not enough to exhaust administrative remedies for a hostile work environment claim.

Based on the allegations raised in Trevino's EEOC charge, an investigation concerning the existence of a hostile work environment would not reasonably be expected to grow out of these allegations of discrete acts of discrimination. Therefore, Trevino did not exhaust his administrative remedies regarding his hostile work environment claim, and Judge Pittman should dismiss his claim of hostile work environment.

### B. Trevino failed to state a claim for a hostile work environment.

SAIA further argues that Trevino did not plead a prima facie case of hostile work environment under Title VII, and the Court should dismiss his claim on that basis. ECF No. 20 at 6. To establish a prima facie case of a hostile work environment, a plaintiff must show:

> (1) [He] belongs to a protected group; (2) [he] was subjected to unwelcomed harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). The Supreme Court has held that an employer violates Title VII "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted). The alleged conduct must be both objectively and subjectively offensive to be sufficiently severe or pervasive to alter the conditions of the victim's employment. *Id.* at 21-22. Courts must examine a hostile work environment claim under a "totality-of-the-circumstances test that focuses on the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating[;] and whether it unreasonably interferes with an employee's work performance." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007) (internal quotations omitted).

The Fifth Circuit has held that a plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss, but he must allege sufficient facts to support his Title VII claim. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citations omitted). Here, Trevino has not stated facts to support a hostile work environment claim. He alleges that Hispanic workers were given harder work assignments, that his bathroom breaks were timed, his complaints were ignored, that he was subjected to discriminatory comments. ECF No. 23 at 4. He argues that

from these allegations "a logical conclusion can be made that these actions created a hostile and abusive environment." *Id.* However, even considering all the allegations as a whole, Trevino has not alleged sufficient facts to establish severe or pervasive harassment. He only makes broad allegations of discriminatory comments and conduct and does not state any facts that show how long the conduct occurred or how severe it was. He has alleged no facts to establish severe or pervasive harassment. For example, he claims that he was subjected to discriminatory comments, but he includes no facts to show whether any of Defendant's comments were physically threatening, humiliating, or offensive. Nor did Trevino state any facts to demonstrate that any discriminatory comments and harder work assignments unreasonably interfered with his work performance. Instead, Trevino states in his Amended Complaint that he was regularly a top performer and earned awards and recognition for his work. ECF No. 9 at 3. Trevino's allegations taken together do not allege sufficiently severe or pervasive harassment to support a hostile work environment claim under Title VII. Accordingly, Judge Pittman should dismiss this claim under Rule 12(b)(6).

Additionally, Judge Pittman should deny Trevino's request to amend his First Amended Complaint if the Defendant's Partial Motion is granted. Ordinarily the Court would allow Trevino the opportunity to amend. However, he already has amended his complaint once, and as shown above, he failed to exhaust his administrative remedies, and it would be futile to allow him to amend his hostile work environment claim again. However, Judge Pittman should dismiss this claim without prejudice. When a court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice, as the claimant has the right to return to court after exhausting applicable administrative remedies. *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997).

## IV.  CONCLUSION

Because Trevino did not administratively exhaust his hostile work environment claim under Title VII and TCHRA and because he failed to state a claim for a hostile work environment, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** SAIA's Partial Motion to Dismiss (ECF No. 20) for failure to exhaust administrative remedies and failure to state a claim upon which relief could be granted, and **DISMISS without prejudice** Trevino's claim of a hostile work environment under Title VII and TCHRA.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 26, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE